Further than the foregoing, the majority opinion does not discuss any fact which would support a conclusion contrary to the only question upon which reversal of the case was had originally.

Ordinarily there is no value in a dissenting opinion where the disagreement is on the effect of the evidence and not the law. I feel, however, that the present case is different, and respectfully record my dissent to the opinion granting the state's motion for rehearing and affirming the case.

The complaint and information, as well as all other matters of procedure, appear in regular form. The record is before this court without bills of exception or statement of facts.

The judgment of the trial court is affirmed.

## GUINN v. STATE.
### No. 23661.

Court of Criminal Appeals of Texas.
May 14, 1947.

No appearance for appellant.

A. C. Winborn, Cr. Dist. Atty., and E. T. Branch, Asst. Cr. Dist. Atty., both of Houston, and Ernest S. Goens, State's Atty., of Austin, for the State.

GRAVES, Judge.

The conviction is for an aggravated assault. The punishment assessed is confinement in the county jail for 90 days.

## CARNEILSON v. STATE.
### No. 23659.

Court of Criminal Appeals of Texas.
May 14, 1947.

No appearance for appellant.

A. C. Winborn, Crim. Dist. Atty., and E. T. Branch, Asst. Crim. Dist. Atty., both of Houston, and Ernest S. Goens, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for an aggravated assault, punishment, 45 days in jail.

The complaint and information appear to be in proper form.

Appellant entered a plea of guilty. No statement of facts is brought forward, and no bills of exception are in the record. Nothing is presented for review.

The judgment is affirmed.